## WYMAN *et al.* v. WERNER.

Where plaintiff's demurrer to the answer alleging new matter is overruled, and he then files a trial notice, it is not error to overrule defendant's motion to strike the case from the calendar on the ground that there is no issue of fact, because plaintiff has not obtained leave to withdraw his demurrer, since Comp. Laws, § 4933, does not require plaintiff to plead to an answer, and the filing of a trial notice is equivalent to withdrawal of the demurrer.

(Opinion filed April 2, 1901.)

Appeal from Minnehaha county court, HON. WILLIAM A. WILKES, Judge.

Action by Wyman, Partridge & Co., against J. W. Werner. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

The facts are stated in the opinion.

*McMartin & Scott,* for·appellant.

*U. S. G. Cherry,* for respondents.

HANEY, J.   It is alleged in the complaint that the plaintiffs now are, and at all the times hereinafter mentioned were, as to all the matters herein referred to, co-partners transacting business under the firm name and style of Wyman, Partridge & Co., and having their principal place of business at the city of Minneapolis, in the state of Minnesota; that between the 1st day of February and the 15th day of June, 1898, the plaintiffs, at the special instance and request of the defendant, sold and delivered to him certain merchandise of the reasonable value and agreed price of $200.83, and that the same was received and accepted by the defendant; and that there is due the plaintiffs $123.83.   The answer is as follows:  "Defendant, answering complaint of plaintiffs, alleges that said plaintiffs sold and delivered the goods in said complaint mentioned in the city of Sioux Falls, Minnehaha county, South Dakota, then and there transacting business in the said state as aforesaid under the fictitions name of Wyman, Partridge & Co., as in said complaint mentioned, the said co-partners not having first or at all filed with the clerk of said circuit court of the said county or subdivision a certificate stating the names in full of all the members of such partnership, or their places of residence, and did not then and there publish the same once a week for four successive weeks, or at all, in a newspaper published in said county, or at all; nor did said co-partners comply in any manner with the provisions of section 4966 of the Compiled Laws of the state of South Dakota.   Wherefore defendant demands judgment that said action be dismissed, and for his costs."   Plaintiffs demurred to the answer on the ground that the facts stated therein do not constitute a defense or counter claim.

The demurrer was overruled, to which ruling the plaintiffs excepted, and the exception was allowed. Subsequently the cause was noticed for trial by the plaintiffs. Defendant's motion to strike from the calendar was denied. A verdict was directed in favor of the plaintiffs, an application for a new trial was denied, and defendant appealed.

The only error assigned relates to the refusal of the court below to strike the cause from the trial calendar. It is contended that there was no issue of fact to be tried, because the plaintiffs had not obtained leave to withdraw their demurrer. It may be conceded that the granting of leave to plead over, after a demurrer has been overruled, rests in the sound discretion of the court; that a demurrer admits all well-pleaded facts alleged in the pleading to which it is addressed; and that the demurrant who does not elect to stand upon his demurrer, should obtain leave to withdraw it and to plead, where any plea is required. In this case no pleading on the part of the plaintiffs was necessary. New matter in an answer is to be deemed controverted. Comp. Laws, § 4933. Assuming that the allegations of the answer constitute a defense, an issue of fact arose when the answer was served. Such issue ceased to exist only so long as the demurrer operated as an admission of the facts alleged in the answer. The ruling upon the demurrer was not followed by a final judgment in favor of defendant. The serving of a trial notice by the plaintiffs was in effect an election to withdraw their demurrer, and, when the court denied defendant's motion to strike from the calendar, it, in effect, granted leave to make the withdrawal. It might have been better for the plaintiffs to have obtained a formal order granting them leave to withdraw their demurrer before having served their notice of trial, or it might have been better form for the trial court to have made such an order when it denied the motion to

strike from the calendar, but there was no error or defect in the proceedings which affected any substantial rights of the adverse party, and therefore none which may not be disregarded by this court. Comp. Laws, § 4941. The judgment appealed from is affirmed.